# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

TIMOTHY C. LEE,

    Petitioner,

v.

TIMOTHY STEWART, *Warden, et al.*,

    Respondent.

Civil Action No. TDC-17-3220

## MEMORANDUM ORDER

Petitioner Timothy C. Lee, an inmate at Federal Correctional Institution-Cumberland in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he alleges that the Federal Bureau of Prisons ("BOP") has improperly delayed his transfer to a Residential Reentry Center ("RRC") prior to his final release from BOP custody. Respondent Warden Timothy Stewart has filed an Answer asserting that Lee has no right to a transfer to an RRC on any particular schedule. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DENIED.

## BACKGROUND

On May 23, 2011, Lee was sentenced in the United States District Court for the Northern District of Illinois to 110 months of imprisonment on the charge of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). *See United States v. Lee*, No. 10-CR-50042-1 (N.D. Ill). Lee's estimated release date, factoring in good conduct time, is June 6, 2018.

As an inmate's projected release date draws near, BOP staff make a recommendation on the length of time that the inmate will be placed in an RRC before final release based on assessment of the inmate's needs for services, any public safety risk, and the BOP's need to manage the inmate population. In January 2017, a Unit Team at FCI-Cumberland recommended that Lee enter a Residential Reentry Center on June 7, 2017. Instead, the Residential Reentry Office approved Lee for RRC placement beginning on November 14, 2017. However, on October 12, 2017, that office adjusted Lee's placement date to May 3, 2018 due to space and resource limitations that prevented an earlier placement date.

On October 30, 2017, Lee filed an administrative remedy request challenging his RRC placement date and requesting that, if necessary, he be placed at a different RRC facility with available space. On November 1, 2017, he filed the instant Petition in this Court. On December 11, 2017, Lee appealed the denial of his administrative remedy request to the Mid-Atlantic Regional Office of BOP. The Regional Office appeal was denied on January 24, 2018. In February 2018, Lee appealed that decision to the Central Office of the BOP, which had not yet ruled on the matter at the close of briefing on the Petition.

## DISCUSSION

In the Petition, Lee asserts that the BOP's postponement of his RRC placement from November 14, 2017 to May 3, 2018 and failure to find an alternative RRC placement location violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 (2012). Respondents argue that the Petition should be denied because Lee did not exhaust administrative remedies, Lee does not have a protected liberty interest in an RRC placement, and the BOP did not abuse its discretion in delaying Lee's RRC placement. Because the Court concludes that it can resolve the Petition on the merits, it will not address Respondents' exhaustion claims. The Court notes

that because Lee's claim is time sensitive in that it would be moot upon Lee's current RRC placement date of May 3, 2018, completion of the full administrative review process may not allow sufficient time for this Court to consider the Petition.

As a threshold matter, the only proper Respondent for the Petition is the warden of the facility in which the Petitioner is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Accordingly, the Court dismisses the Petition as to all Respondents other than Warden Timothy Stewart of FCI-Cumberland.

Lee's RRC placement is governed by 18 U.S.C. §§ 3621 and 3624(c)(1). The Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, permits eligible federal inmates to spend some portion of the final 12 months of their sentences in a community correctional facility, also known as a halfway house or an RRC. The statute provides in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

The plain language of the statute makes clear that placement in an RRC is not guaranteed and that a 12-month RRC placement is the maximum, not a mandatory, term. *See id.*; *see also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009) (noting that prior mandatory timing requirements no longer apply).

In determining the appropriate length and location of pre-release custody, the BOP is required to consider placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b)]." 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22 (2017). The factors to be considered in selecting an RRC placement are: (1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). According to Lee's Unit Manager at FCI-Cumberland, the individual private RRC facility to which an inmate is assigned retains the discretion to reduce the recommended length of time the inmates spend in the RRC due to budgetary concerns or space availability.

Based on this legal framework, Lee's APA challenge necessarily fails. The APA allows for judicial review, and the setting aside of, a final agency decision that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. The APA, however, is unavailable for challenges to federal agency action where such "agency action is committed to agency discretion by law" or where a statute "preclude[s] judicial review." 5 U.S.C. § 701(a). More specifically, by statute, the APA provisions in 5 U.S.C. §§ 554-555 and 701-706 "do not apply to the making of any determination, decision, or order under" the subchapter of Title 18 including 18 U.S.C. §§ 3621-3626. 18 U.S.C. § 3625. Section 3625 precludes judicial review of BOP "adjudications" consisting of the "resolution of factual disputes between . . . an agency and an individual." *Minotti v. Whitehead*, 584 F. Supp.2d 750, 761 (D. Md. 2008). Thus, the APA does not provide a basis for judicial review of BOP determinations such as whether an inmate should be placed in a residential drug abuse program and thereby receive a sentence reduction. *See Reeb v. Thomas*, 623 F.3d 1224, 1227 (9th Cir. 2011). Likewise, the BOP's determination of the timing and location of Lee's RRC placement, made pursuant to 18 U.S.C. § 3624, is not subject to judicial review. 18 U.S.C. § 3625; *Ingram v. Thomas*, No. CV-10-1320-MA, 2011 WL 1791234, at *2 (D. Or. May 10, 2011) (holding that

"the BOP's substantive, discretionary RRC decisions are not reviewable in the district court pursuant to § 706(2)(A) of the APA") (citing *Reeb*).

Although the APA could potentially be available to assert a constitutional challenge to a BOP adjudication, *see Webster v. Doe*, 486 U.S. 592, 603 (1988), an inmate has no constitutionally protected liberty interest in being confined in a particular institution and thus is not entitled to due process protections in the decision whether or not the inmate should be transferred to another institution, *see Meachum v. Fano*, 427 U.S. 215, 223 (1976); *see also Olim v. Waukinekona*, 461 U.S. 238, 245 (1983).

Even if Lee could assert an APA challenge to his RRC placement decision, it would still fail because the decision cannot fairly be characterized as "arbitrary, capricious, an abuse of discretion, or contrary to law" when the stated reason for delaying Lee's RRC placement was one of the five enumerated factors: "the resources of the facility contemplated." 18 U.S.C. §3621(b)(1). Lee was specifically informed that the RRC lacked resources to accommodate placement beginning in December 2017. The fact that the decision was made based on a rationale enumerated in the statutory criteria weighs against a finding that it was arbitrary and capricious. *See e.g.* 5 U.S.C. §706(2)(A); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971) (instructing courts to consider if the agency decision was based on a consideration of the relevant factors), *overruled on other grounds, Califano v. Sanders*, 430 U.S. 99 (1977). Lee's assertion that it was incumbent upon the Unit Team to find a different RRC with the resources to accommodate his recommended placement would impose a requirement for an additional commitment of agency resources with an uncertain outcome that is neither required nor contemplated by the relevant statutory provisions, which do not guarantee any particular length of placement in an RRC, *see* 18 U.S.C. § 3624(c)(1), or by the implementing regulations,

which generally set a maximum RRC placement of six months but impose no minimum time period, *see* 28 C.F.R. § 570.21. Under these circumstances, the Court does not conclude that the BOP's decision was arbitrary, capricious, an abuse of discretion, or contrary to law. The Petition will therefore be denied.

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus, ECF No. 1, is DISMISSED as to Respondents J. Fazenbaker, Janet Perdue, and Arthur Wilson.

2. The Petition is DENIED as to Warden Timothy Stewart.

3. The Clerk is directed to MAIL a copy of this Memorandum Order to Lee and to close this case.

Date: April 30, 2018

/s/
THEODORE D. CHUANG
United States District Judge